UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| DONALD WAYNE NEWLAND, JR., <br><br> Plaintiff, <br><br> v. <br><br> I.D.O.C. STAFF, et al., <br><br> Defendants. | CAUSE NO. 3:23-CV-235-RLM-JPK |

OPINION AND ORDER

Donald Wayne Newland, Jr., a prisoner without a lawyer, filed a complaint. The court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." Erickson v. Pardus, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted).

Mr. Newland alleges that his tablet and a book containing his password were stolen in June 2022. In July, he noticed messages were being sent without his authorization. Then someone transferred money from his trust account to his GTL Linx Unit. He tried to get the defendants to reset his password, but it had already been reset once and they wouldn't reset it again. He was told that they could only shut down his account permanently. He agreed that if that was the only way, it should be shut down.

But the account wasn't shut down, he received a deposit of $1,800.00, and whomever had access to his tablet and password stole that money, too. He's unhappy with the defendants' failure to act to prevent harm and failure to investigate and prosecute the person responsible.[1]

The Fourteenth Amendment provides that state officials shall not "deprive any person of life, liberty, or property, without due process of law . . .." A state tort claims act that provides a method by which a person can seek reimbursement for the negligent loss or intentional depravation of property meets the requirements of the due process clause by providing due process of law. Hudson v. Palmer, 468 U.S. 517, 533 (1984) ("For intentional, as for negligent deprivations of property by state employees, the state's action is not complete until and unless it provides or refuses to provide a suitable post deprivation remedy.") Indiana's tort claims act (Indiana Code § 34-13-3-1 *et seq.*) and other laws provide for state judicial review of property losses caused by government employees, and provide an adequate post deprivation remedy to redress state officials' accidental or intentional deprivation of a person's property. *See* Wynn v. Southward, 251 F.3d 588, 593 (7th Cir. 2001) ("Wynn has an adequate post deprivation remedy in the Indiana Tort Claims Act, and no more process was due.").

---

[1] Mr. Newland does not have a right to have the alleged wrongdoing investigated or prosecuted. Linda R.S. v. Richard D., 410 U.S. 614, 619 (1973) ("[I]n American jurisprudence . . . a private citizen lacks a judicially cognizable interest in the prosecution or nonprosecution of another."); United States v. Palumbo Bros., Inc., 145 F.3d 850, 865 (7th Cir. 1998) ("criminal prosecution is an executive function within the exclusive prerogative of the Attorney General.").

The defendants allegedly failed to take prompt action to prevent another wrongdoer from taking Mr. Newland's funds without authorization. The court offers no opinion as to whether that might amount to a claim under Indiana law, but it doesn't violate the federal Constitution.

This complaint doesn't state a claim for which relief can be granted. "The usual standard in civil cases is to allow defective pleadings to be corrected, especially in early stages, at least where amendment would not be futile." Abu-Shawish v. United States, 898 F.3d 726, 738 (7th Cir. 2018). However, "courts have broad discretion to deny leave to amend where . . . the amendment would be futile." Hukic v. Aurora Loan Servs., 588 F.3d 420, 432 (7th Cir. 2009). For the reasons just explained, that's the case here.

For these reasons, this case is DISMISSED under 28 U.S.C. § 1915A.

SO ORDERED on July 31, 2023

s/ Robert L. Miller, Jr.
JUDGE
UNITED STATES DISTRICT COURT